Clara B. LARABEE, William N. Larabee,
and S. Joan Smock, Appellants
(Defendants Below),

v.

Lonnie L. BOOTH, and Jean S. Booth,
Appellees (Plaintiffs Below).

No. 4-1081A148.

Court of Appeals of Indiana,
Fourth District.

July 21, 1982.

Gay & McCombs, Versailles, for appellants.

Gary Sorge, Lawrenceburg, for appellees.

---

1. The judgment also settled disputes over other real and personal property. Those portions of the judgment are not before us and are not affected by this appeal.

YOUNG, Judge.

Defendants-appellants Clara Larabee, William Larabee and Joan Smock appeal from a judgment ordering them to convey certain real property to plaintiffs-appellees Lonnie and Jean Booth.[1] On appeal the defendants contend, *inter alia*, that there was insufficient evidence to support the trial court's finding that a gift of the property had been made. We agree and reverse.

In 1971, Clara Larabee owned certain real property in Dearborn County subject to a life estate in her mother, Sophie Block.[2] Jean and Lonnie Booth discussed with Clara the possibility of building a weekend cottage on this land. Since they had been long-time friends, Clara agreed to allow the Booths to build the cottage. Construction of the house began in the spring of 1972. As the Booths built, they decided that they would like to build a full-sized house in which to live. After discussing it with her mother, Clara agreed to allow the Booths to build the larger house. In September of 1972, Clara and William Larabee executed an Agreement to Convey Land. The agreement read as follows:

> We, Clara B. Larabee and William N. Larabee, her husband, of Marion County, Indiana, hereby agree to CONVEY AND WARRANT to Lonnie L. Booth and Jean S. Booth, husband and wife, of Hamilton County, Ohio, the following described parcel of land on our farm located in Dearborn County, Indiana (formerly owned by Joseph Block and Sophie Block) at the time that we acquire a fee simple title and at the expiration of the outstanding life estate in such land. The parcel to be conveyed is approximately bounded as follows:
>
> > Beginning at a point on the edge of the hollow on the eastern side of the Booth House; thence along the water line of the proposed lake to a point midway between the Booth home and the proposed home to be built by me; thence

---

2. Although William Larabee and Joan Smock were joined as defendants, the evidence shows that Clara Larabee has been the sole owner of the property since her mother's death.

south, along this line to the site of the old garden fence; thence easterly, along the fence line, to the edge of the hollow on the eastern side of the house; thence northerly, to the point of beginning at the water line.

This land is to be conveyed for no consideration from Lonnie L. Booth and Jean S. Booth. I hereby renounce any and all interest in the home the Booths are now building on this land at the present time and it is to be treated as if this conveyance were already made.

IN WITNESS WHEREOF, we have hereunto set our hands and seals this 14th day of September, 1972.

The Booths completed construction of their house, Sophie Block's life estate expired and a dispute arose among the parties.

The Booths then brought this action seeking to have the property in question deeded to them. The trial court determined that a gift had been made and ordered all the defendants to deliver a warranty deed. To find that a gift had been made the trial court had to find either that the Agreement to Convey Land constituted a gift or that Clara had made an oral gift of the property.

The requirements for a gift *inter vivos* were set forth in *Norman v. Norman*, (1960) 131 Ind.App. 67, 169 N.E.2d 414 as follows:

(1) The donor must be competent to contract; (2) there must be freedom of will; (3) the gift must be completed with nothing left undone; (4) the property must be delivered by the donor and accepted by the donee; and (5) the gift must go into immediate and absolute effect.

*Id.* at 78–79, 169 N.E.2d at 419. Here under either theory the requirements were not met. The Agreement to Convey Land did not convey a completed gift which went into immediate and absolute effect. The Larabees agreed to convey the real property at some future date. The gift was not completed—no deed was ever delivered. Furthermore, the gift did not go into immediate effect—the property was not to be transferred until some future date. Thus, the Agreement to Convey Land was not sufficient to demonstrate a gift *inter vivos*.

Nor was there sufficient evidence to sustain an oral gift. Lonnie Booth testified concerning the agreement as follows:

Well, really, it was kindly [sic] immaterial I thought. I didn't ask them for the paper. They made it up and gave it to me. My understanding was that just like the paper said. When Mrs. Block died and she had a lifetime estate there on the property, that Clara would give us a deed to the property, and there was never any problem. I mean, I took Joan and Clara's word.

Lonnie Booth's understanding was that Clara Larabee would transfer the property at some future date. The gift was not complete and did not go into immediate and absolute effect. Thus, there was no oral gift and the trial court erred in ruling otherwise.

Reversed.

MILLER, P. J., and CONOVER, J., concur.